Platt *v.* Brickley.

be both an act and a guilty intention, and the acts done by the accused must be stated in the indictment.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

Filed June 8, 1889.

———◆———

No. 13,473.

PLATT. *v.* BRICKLEY.

PLEADING.—*Answer.*—*Exhibit.*—A deed which is filed as an exhibit with an answer, but which is not the foundation of the defence pleaded, is not a part of the answer, and can not be looked to in determining its sufficiency.

SAME.—*Reply.*—*References to Exhibit.*—Where the substantive averments of a reply consist of references to an exhibit filed with the answer, but constituting no part thereof, the reply is bad.

DECEDENTS' ESTATES.—*Conveyance by Heir.*—*Administrator's Sale.*—*Parties.*—

An heir, who has conveyed his interest in a decedent's real estate, is not a necessary party to an application by the administrator for an order to sell such real estate, and if not a party is not concluded by the proceedings.

SAME.—*Failure of Title.*—*Laches of Grantee.*—*Promissory Note.*—In such case, in an action by the grantor heir against his grantee upon a purchase-money note, a reply to the defence of a failure of title, that the defendant had assumed to pay the indebtedness to pay which the real estate was sold by the administrator, but had failed to do so, is good.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd*, for appellant.

*J. S. Dailey, L. Mock* and *A. Simmons*, for appellee.

BERKSHIRE, J.—This is an action upon a promissory note. The appellee answered: 1. Want of consideration. 2. Payment. 3. Failure of consideration.

The court sustained a demurrer to the third paragraph of answer, and an amended third paragraph was filed and a demurrer was filed thereto; the demurrer was overruled and an exception reserved.

The appellant filed a reply in four paragraphs, the first of which was a general denial. The appellee demurred to the other paragraphs; the demurrer was overruled to the second paragraph, and an exception reserved, and sustained to the third and fourth paragraphs, and leave taken to amend. Amended third and fourth paragraphs were filed, and also a fifth paragraph. The appellee demurred to each of these paragraphs, and the demurrers were overruled to the third and fourth, and sustained to the fifth, and exceptions reserved. The case, being at issue, was submitted to the court for trial, and at the request of the parties a special finding was made. Upon the finding of facts, the court found the law to be with the appellee, to which conclusions of law the appellant excepted, and a judgment was rendered for the appellee.

There was a cross-complaint filed by the appellee, but as the court seems to have ignored the cross-action in its finding and in the judgment rendered, we need not notice it.

Platt *v.* Brickley.

There are several errors assigned.    We have concluded to set out the third paragraph of the answer, which is as follows :

"And for a third answer to said complaint, the defendant admits the execution of the note sued on, but says that on the 18th day of January, 1883, the plaintiff, together with her husband, Emanuel Platt, Franklin Taylor and Matilda Taylor, conveyed, or pretended to convey, to this defendant certain land described therein, a copy of which deed is filed herewith and made a part hereof, marked exhibit A ; that this plaintiff pretended to own the two-fifteenths part of said land, and Franklin Taylor pretended to own the two-fifteenths part of said land, when in truth and in fact this plaintiff owned no part of said land ; that it was in consideration of said land and for no other consideration that he executed the note sued on in this behalf and described in plaintiff's complaint; that he entered upon said premises and took possession of them in good faith, but says that one John H. Crum, administrator of the estate of David Taylor, deceased, who was the father of this plaintiff, and who died seized of said real estate, and which real estate was subject to the debts of said David Taylor, deceased, and said Franklin Taylor, at the September term of the Wells Circuit Court for the year 1883, asked of the said court an order to sell said land to pay the indebtedness of said decedent's estate ; that on the 8th day of December, 1883, the same being the 18th judicial day of the November term of said court, the judge thereof ordered the same to be sold for the payment of said indebtedness by four weeks advertising in a newspaper, in Wells county, and after posting ; that on the — day of January, 1884, the said John Crum, as such administrator, pursuant to said order of said court, offered said land at public sale, and one Franklin A. Bratton, being the highest and best bidder, offered the sum of $2,110, and the same was struck off and sold to the said Bratton ; that on the 6th day of February, 1884, the same being the 3d judicial day

of the February term of said Wells Circuit Court for the year aforesaid, the said administrator made a report of said sale to the judge of said court, which sale was by said court confirmed, a deed ordered, which was made by said administrator, and by him reported to said court and approved by the court; that said deed was delivered to said Bratton, who entered on and took possession of said land, and the defendant's title received from this plaintiff to said land being worthless, he was evicted therefrom; hence he says the consideration of said note has failed, and that the plaintiff ought not to recover." The defence in this paragraph of answer averred is a failure of consideration.

If the copy of the deed, which is referred to as an exhibit, is to be regarded as a part of the answer, then the answer is bad, for the deed shows that the appellee assumed to pay so much of the indebtedness of the decedent's estate as was secured by a mortgage upon the land he purchased, and it is not shown that he paid this indebtedness, nor does it appear that if he had done so he would have lost the title to the land notwithstanding; nor do the averments show that if he had complied with the contract on his part there would not have been something due to the plaintiff on the note sued on. But the exhibit is no part of the answer, it not being the foundation of the defence therein alleged, and therefore it must be disregarded. We are of the opinion that the answer is good.

The third and fourth paragraphs of the reply are bad, and the demurrers should have been sustained to them.

The third paragraph does not aver that the appellee assumed the payment of the mortgage debt, only so far as it makes reference to the exhibit filed with the complaint, which, as we have said, is not a part of the record.

The fourth paragraph is bad, because the appellant, having conveyed her interest in the real estate, was not a necessary party to the application made by the administrator for an order to sell the real estate.

The fifth paragraph of the reply was good, and the court erred in sustaining the demurrer thereto.

The appellant, not having been made a party to the proceedings to sell the real estate instituted by the administrator, and not having appeared in any way to the proceedings, she is not concluded thereby, but may allege and prove that the failure of title to the real estate for which the note in suit was given was because of appellee's failure to perform the obligation on his part whereby he acquired title to the land.

The fifth paragraph of the reply shows that the appellee assumed to pay the very indebtedness for which the real estate was sold, and that because of that failure he lost the land.    But the appellee was not entitled to a judgment upon the special finding made by the court.

The sale averred in the third paragraph of the answer is a sale made pursuant to section 2338, R. S. 1881, *et seq.*, while the sale actually made, as found by the court, was under section 1186, R. S. 1881.    The proceeds of the sale of the whole of the real estate, including the widow's interest, was the sum of $2,110, the one-third of which was paid to the appellee, who held the widow's interest, leaving $1,406.66, which the administrator applied in payment of claims allowed against the estate.    The mortgage indebtedness, which the appellee assumed to pay, was a part of the indebtedness of said estate, and, as it was a preferred claim, we can but presume that it was paid in full, though said estate was found by the court to be insolvent.    Whether or not there would have been an entire or partial failure of consideration for the note sued on had the appellee paid the mortgage indebtedness, we are unable to say from the facts stated in the special finding.

As there should, in our judgment, be another trial of this cause, it is proper that we state that, by the terms of the conveyance to him, the appellee assumed the payment of the mortgage indebtedness on the land, but none other. He was

given the privilege of paying other debts due from the estate of the decedent, but was not bound so to do.

Judgment reversed, with costs, and the court below is ordered to grant a new trial and proceed in accordance with this opinion.

Filed June 8, 1889.